UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BARBARA KUPERSMIT,

    Plaintiff,

v.

IRS/CIR, et al.,

    Defendants.

Civil Action No. 3:19-cv-17580 (FLW)

**MEMORANDUM ORDER**

**THIS MATTER** having been opened to the Court by *pro se* Plaintiff Barbara Kupersmit on September 3, 2019, *see* ECF No. 1; it appearing that, on May 18, 2020, the Court granted Motions to Dismiss from Wells Fargo Bank, N.A., *see* ECF No. 10, State Farm Mutual Automobile Insurance Company, *see* ECF No. 13, Citizens Bank, *see* ECF No. 17, Liberty Mutual Insurance Company, *see* ECF No. 18, Verizon, *see* ECF No. 29, and Allstate Insurance Company, *see* ECF No. 33; it appearing that Kupersmit named two other Defendants in her Complaint, the "IRS/CIR" and "Commonwealth Bureau of Individual Taxes," *see* Compl., ¶¶ 24-25; it appearing that the Court dismissed the claims against these two defendants on January 28, 2021, for failure to serve under Fed. R. Civ. P. 4(m), *see* ECF No. 46; it appearing that Katchen appealed the first dismissal to the Third Circuit on June 8, 2020, *see* Case No. 20-2151; it appearing that the Third Circuit denied Katchen's appeal for failure to prosecute on October 23, 2020, *see* ECF No. 43; it appearing that Kupersmit moved to reopen this case on May 27, 2021, under Fed. R. Civ. P. 60(b), *see* ECF No. 50; the Court having considered Kupersmit's motion pursuant to Fed. R. Civ. P. 78 makes the following findings:

    (1)    Fed. R. Civ. P. 60(b) allows a court to grant relief from a final judgment. *Id.* Kupersmit's Rule 60(b) motion is cursory and incoherent, making it unclear on what

1

basis she seeks to reopen this case. *See, e.g.*, Pl. Br., ¶¶ 9-14 ("Additionally, FRCP 60(b) comes into play[.] Further, FRCP 60(b)(1) Mistake, inadvertence[.] In addition, FRCP 60(b)(2) Newly discovered evidence. Also, FRCP 60(b)(3) Fraud. And FRCP 60(b)(4) the Order is void. More so, FRCP 60(b)(6)."). However, cognizant of my duty to liberally construe *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I will consider her motion under all subsections of Rule 60(b). *Accord Duran v. Cohen*, No. 07-3589, 2016 WL 4155009, at *2 (D.N.J. Aug. 3, 2016) (concluding same).

(2)  Kupersmit does not identify a mistake or surprise which might justify relief under Rule 60(b)(1), beyond simply declaring that both exist. Neither does Kupersmit point to any new evidence that would entitle her to relief under Rule 60(b)(2), notwithstanding her assertion that such unidentified evidence must be out there. The same is true for fraud under Rule 60(b)(3), which she never specifically charges against any entity. And Rules 60(b)(4)-(5) do not apply. That leaves Rule 60(b)(6), under which Kupersmit moves based on far-fetched accusations against various government actors. *See, e.g.*, Pl. Br., ¶¶ 2-3, 7, 14 ("The U.S. Department of Justice involvement in the refusal to investigate the IRS/CIR's corruption will shortly be made a part of New York's probe into Trump's failure to act in good faith in defense of the IRS . . . . There has been a refusal to investigate the U.S. Supreme Court for ethical violations under HR 1057 . . . . The IRS/CIR has utilized a strategy of terror, delay and official corruption in their dealings with the Kupersmits . . . . This entitles the Deponents for a Default Judgment in the amount of $750 million.").

(3) "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). A Rule 60(b) motion will not be granted unless the movant demonstrates that, "without relief . . . , an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quotations and citation omitted); *Pabon v. Lemaster*, 408 Fed. App'x. 508, 509 (3d Cir. 2010) (concluding same); *see also Crawford v. United States*, 611 Fed. App'x. 47, 49 (3d Cir. 2015); *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014). Such a motion "must be fully substantiated by adequate proof and its exceptional character . . . clearly established." *Muhammad v. New Jersey*, No. 10-213, 2012 WL 4191915, at *3 (D.N.J. Sept. 18, 2012) (quoting *FDIC v. Alker*, 234 F.2d 113, 116-17 (3d Cir. 1956)). As the Third Circuit has long held, "[a] healthy respect for the finality of judgments demands no less." *Marshall v. Bd. of Ed. Bergenfield N.J.*, 575 F.2d 417, 426 n.28 (3d Cir. 1978) (quotations and citation omitted).

(4) Kupersmit has not come close to meeting this stringent burden. *Accord Howard Int'l, Inc. v. Cupola Enterprises, LLC*, No. 01-1205, 2006 WL 625210, at *1 (D.N.J. Mar. 10, 2006); *Barrett v. Arthur J. Gallagher & Co.*, No. 96-3165, 2013 WL 4042455, at *3 (D.N.J. Aug. 7, 2013). In fact, Kupersmit has not offered a single comprehensible reason to reopen this action. Certainly, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices," such as Kupersmit's decision not to serve various Defendants despite repeated warnings, instructions, and extensions from this Court, or her failure to prosecute her Third Circuit appeal. *Budget Blinds*, 536 F.3d at 255; *United States v.*

*Zoebisch*, 2013 WL 5719246, at *2 (D.N.J. Oct. 18, 2013), *aff'd*, 586 Fed. App'x. 852 (3d Cir. 2014). Kupersmit simply seeks to escape the consequences of this Court's Orders through Rule 60(b), which is improper. *See, e.g.*, *Martinez-McBean v. Government of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) ("[C]ourts must be guided by the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.") (quotations and citations omitted).

**IT IS** on this 7th day of June, 2021,

**ORDERED** that Plaintiff's Motion to Reopen is **DENIED**.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge